UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 09-cr-40013-JPG |
| BRODERICK K. WOOTERS, | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 85). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). The defendant also mentions Amendment 782 to the United States Sentencing Guideline Manual ("U.S.S.G.") as a basis for a sentence reduction, presumably under 18 U.S.C. § 3582(c)(2).

Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw because she believes his motion for a reduction has no merit (Doc. 95). She also asks the Court to reinstate and consider the defendant's *pro se* motions. The defendant has responded that he concurs with counsel's motion to withdraw and that he would like the Court to proceed to hear his petition under 28 U.S.C. § 2241 (Doc. 97). Government has responded that it has no objection to counsel's motion, and it notes that Judge Staci M. Yandle has already dismissed the defendant's § 2241 motion (*Wooters v. United States*, No. 19-cv-80-SMY) (Doc. 98).

## I. Background

The defendant pled guilty to distributing more than 5 grams of crack cocaine (Count 1) and one count of less than 5 grams of crack cocaine (Count 2). Those crimes occurred in August 2008. At the time the defendant committed the crimes, Count 1 was a Class B felony with a statutory sentencing range of 5 to 40 years in prison, 21 U.S.C. § 841(b)(1)(B)(iii); 18 U.S.C. § 3559(a)(2), and Count 2 was a Class C felony with a statutory sentencing range of no more than 20 years in prison, 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559(a)(3). In August 2009, the Court sentenced the defendant to serve 60 months in prison and 4 years of supervised release on Count 1, and 57 months in prison and 3 years of supervised release on Count 2. The defendant served that sentence of imprisonment and was admitted to supervised release.

In May 2014, the Court revoked the defendant's supervised release and sentenced him to serve 8 months in prison and 24 months of supervised release. This sentence was within the sentencing range of no more than 3 years for a supervised release revocation for a Class B felony (Count 1) and of no more than 2 years for a supervised release revocation for a Class C felony (Count 2). *See* 18 U.S.C. § 3583(e)(3). The defendant served that sentence of imprisonment and was again admitted to supervised release.

In August 2016, the Court again revoked the defendant's supervised release. It sentenced him to 24 months in prison on Count 1 and 16 months in prison on Count 2, to run consecutively. Again, this second revocation sentence was within the sentencing range of no more than 3 years for revocation for a Class B felony (Count 1) and of no more than 2 years for a revocation for a Class C felony (Count 2). *See* 18 U.S.C. § 3583(e)(3). He is currently serving that revocation sentence and is scheduled to be released in July 2019.

## II. Amendment 782

To the extent the defendant asks the Court to apply recent changes to U.S.S.G. § 2D1.1 that he believes could lower his sentencing range, the Court rejects that argument. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, even if Amendment 782 would have lowered the defendant's guideline range at his original sentencing, he cannot satisfy the second criterion; a reduction of his current sentence would be inconsistent with the applicable policy statement found at U.S.S.G. § 1B1.10 app. note 7(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."). Thus, a reduction of the defendant's current revocation sentence would be inconsistent with the applicable policy

statements and would not be authorized by 18 U.S.C. § 3582(c)(2).

## III. First Step Act

The defendant also asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

As a preliminary matter, there is some dispute over the proper vehicle to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The Court believes the better vehicle to impose a reduced term of imprisonment is § 3582(c)(1)(B). That provision allows the Court to modify a term of imprisonment "to the extent . . . expressly permitted by statute." The Court is aware that the Court of Appeals for the Seventh Circuit has indicated this provision allows for a sentence modification only if resentencing has been ordered after a successful direct appeal or a successful collateral attack. *United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015). However, the Court believes the

Court of Appeals limited relief to these two situations because, at the time of its statement, no statute expressly gave the Court the authority to modify a term of imprisonment in any other circumstance. Now that the First Step Act has expressly provided additional authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B).

The Court turns to the specifics of the defendant's case. The defendant's original conviction on Count 1 is the type of conviction covered by § 404 of the First Step Act; it is federal offense committed before August 3, 2010, for which the First Step Act lowered the sentencing range (from 5 to 40 years to no more than 20 years). Thus, at the time the Court revoked Wooters's supervised release the second time and imposed the sentence he is currently serving, Count 1 was a considered a Class B felony, but after the First Step Act, it is considered a Class C felony.[2]

As a consequence, at the time of the second revocation, the statutory range for the sentence for revocation of supervised release on Count 1 was no more than 3 years, but after the First Step Act's retroactive application of § 2 of the Fair Sentencing Act it has been lowered to no more than 2 years. 18 U.S.C. § 3583(e)(3). Thus, Wooters is eligible for a sentence reduction.[3]

However, the Court declines to exercise its discretion to lower Wooters's revocation sentence. His sentence of 24 months for the second revocation of supervised release on Count 1 did not exceed the lowered sentencing range of no more than 2 years. Notably, because

---

[2] Count 2 was and remains a Class C felony even after retroactive application of § 2 of the Fair Sentencing Act.

[3] Neither party has squarely addressed whether or how the First Step Act applies to revocation sentences. The Court assumes it would apply if retroactive application of § 2 of the Fair Sentencing Act changed a revocation sentencing range.

Wooters's original crime was subject to the PROTECT Act, *see* Pub. L. No. 108–21, 117 Stat. 650 (2003), the maximum term of imprisonment started anew with each revocation of supervised release notwithstanding any prior revocation sentence served. *See United States v. Ford*, 798 F.3d 655, 663 (7th Cir. 2015).

In sum, Wooters was eligible for a sentence reduction on his revocation sentence for Count 1, a federal offense committed before August 3, 2010, because retroactive application of § 2 of the Fair Sentencing Act change his sentencing range from no more than 3 years to no more than 2 years. However, because his revocation sentence was within the changed range, and for the reasons the Court set forth at the revocation sentencing, the Court declines to exercise its discretion to reduce Wooters's revocation sentence.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 95) and **DIRECTS** the Clerk of Court to terminate Judith A. Kuenneke as counsel in this case. The Court further **DENIES** Wooters's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 85).

**IT IS SO ORDERED.**
**DATED:   April 29, 2019**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**